Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 1 of 10 PAGEID #: 26
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G72

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| KIRA GANTZ<br>9955 Shepherd Rd, Lot D1<br>Lockbourne, OH 43137 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| BOB EVANS RESTAURANTS, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | | |

Plaintiff, Kira Gantz, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

**PARTIES & VENUE**

1. Plaintiff Kira Gantz is a resident City of Lockbourne, Franklin County, State of Ohio.

2. Defendant Bob Evans Restaurant, LLC ("Bob Evans") is a domestic limited liability company.

3. At all times referenced herein, Bob Evans regularly conducted business in Franklin County at 3800 S. High Street, Columbus, Ohio 4320.

4. Personal jurisdiction is proper over Defendants pursuant to Ohio R.C § 2307.382 (A)(1).

5. Venue is proper pursuant to Civ. R. 3(B)(2).

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

**FACTS**

0E804 - G73    Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680

7. Gantz is a former employee of Bob Evans.

8. In or around December 2016, Bob Evans hired Gantz as a server.

9. Gantz worked at a Bob Evans located at 3800 S. High Street, Columbus, Ohio 43207 ("Restaurant").

10. In June 2017, Gantz went on maternity leave.

11. According to Bob Evans policy, Gantz was supposed to receive paid maternity leave.

12. Bob Evans never paid Gantz during her maternity leave.

13. In August or September 2017, Gantz returned to work after her maternity leave ended.

14. Gantz communicated her desire to breastfeed her newborn baby when she returned from maternity leave.

15. Gantz eventually began pumping to express breastmilk for her newborn baby.

16. When Gantz pumped, she was told to pump in the breakroom.

17. The breakroom door had a glass windowpane, so coworkers could see Gantz pumping.

18. Additionally, the breakroom door could only be locked with a key.

19. Restaurant never covered the breakroom glass windowpane to give Gantz privacy while she pumped.

20. Restaurant never provided Gantz with a key to lock the breakroom so that she could make sure no one walked in on her.

21. At some point, Gantz stopped pumping and had to directly breastfeed her baby.

22. Gantz had to directly breastfeed her baby because her baby would not feed from bottles.

23. In February 2018, a new general manager, Gerardo Carrillo, began managing Restaurant.

24. Soon after Carillo started, he began to repeatedly question Gantz's choice of breastfeeding.

Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 3 of 10 PAGEID #: 28
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G74

25. Two day shift managers, Rebecca Morris and Daja Smith, also made comments within earshot of customers about Gantz's breastfeeding.

26. Morris and Smith comments included, but were not limited to, stating that Gantz needed to go feed her baby and also that Gantz need to "give the baby the tit".

27. Prior to this, Gantz asked if she could bring her baby into work to breastfeed.

28. Gantz was told that she was not able to breastfeed her baby at work.

29. Morris stated that Gantz can't breastfeed because you "can't have customers staring at titties out there."

30. Soon after Carrillo, Morris, and Smith's comments started, Gantz called corporate to complain about the comments and gender/pregnancy discrimination from Carrillo, Morris, and Smith.

31. Although Gantz called corporate to complain about the gender/pregnancy discrimination several times, her calls were never returned.

32. Although Gantz called corporate to complain about the gender/pregnancy discrimination several times, Bob Evans never informed Gantz that an investigation had commenced.

33. Soon after Gantz complained of gender/pregnancy discrimination to corporate, Carrillo removed her from the work schedule.

34. Carrillo informed Gantz that she was not being scheduled because Restaurant did not need her help.

35. Carrillo claimed Restaurant did not need help, even though other employees at Restaurant informed her that Restaurant needed server help.

36. Carrillo also informed Gantz that he would inform her when she would be on the schedule.

37. Gantz was not scheduled to work for at least one month.

Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 4 of 10 PAGEID #: 29
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G75

38. When Gantz was finally scheduled, she found out that she was scheduled from a co-worker who provided her with a picture of the schedule.

39. The lone day that Gantz was scheduled for was May 13, 2018, Mother's Day.

40. Carrillo scheduled Gantz for Mother's Day to get back at her for her complaints with corporate.

41. When Gantz showed up to work, Carrillo informed Gantz that she was not on the schedule, but was permitted to work anyway.

42. Mother's Day was the last day that Gantz was scheduled to work at Restaurant.

43. On or about May 21, 2018, Gantz filed EEOC Charge No.: 532-2018-01812 ("EEOC Charge") alleging discrimination on the basis of sex, pregnancy, and retaliation.

44. On June 6, 2018, Gantz called Restaurant to see if she was on the schedule.

45. Carrillo informed Gantz that she was terminated.

46. After talking to Carrillo, Gantz went to Restaurant to see if there were any termination papers for her.

47. Carrillo refused to give Gantz any termination papers.

48. Carrillo also alluded that the reason for termination was Gantz's attorney getting ahold of corporate.

49. Carrillo was referring to the EEOC Charge when he made the statement about Gantz's attorney getting ahead of corporate.

50. On or about June 15, 2018, Gantz filed EEOC Charge No.: 532-2018-01998 ("EEOC Charge 2"), alleging retaliation for filing EEOC Charge.

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII (FEDERAL)

51. Gantz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. Bob Evans was an employer as defined by Title VII.

4

Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 5 of 10 PAGEID #: 30
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G76

53. Throughout her employment, Gantz was fully competent to perform her essential job duties.

54. Carrillo treated Gantz differently than other similarly situated employees based on her gender.

55. In particular, Carrillo ridiculed Gantz for breastfeeding her baby.

56. Carrillo also allowed other employees at Restaurant to make comments about Gantz breastfeeding within earshot of customers, violating her right to privacy.

57. Bob Evans and Carrillo would not have made the comments about breastfeeding if Gantz were a male.

58. Carrillo violated Title VII by discriminating against Gantz due to her gender.

59. As a direct and proximate cause of Bob Evans and Carrillo's wrongful conduct, Gantz has suffered and will continue to suffer damages.

## COUNT II: RETALIATORY DISCRIMINATION (FEDERAL)

60. Gantz restates each and every prior paragraph of this complaint, as if it were fully restated herein.

61. As a result of the Defendant's discriminatory conduct described above, Gantz complained about the gender discrimination she was experiencing.

62. Subsequent to Gantz's, Gantz was removed from the work schedule and terminated from employment.

63. Defendant's actions were retaliatory in nature based on Gantz's opposition to the unlawful discriminatory conduct.

64. Pursuant to 42 U.S.C.A § 2000e-3, it is an unlawful discriminatory practice "for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

65. As a direct and proximate cause of Defendant's retaliatory discrimination against Gantz, she suffered and will continue to suffer damages.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G77

## COUNT III: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(A) (STATE)

66. Gantz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Bob Evans was an employer as defined by R.C. § 4112.01(A)(2).

68. Throughout her employment, Gantz was fully competent to perform her essential job duties.

69. Carrillo treated Gantz differently than other similarly situated employees based on her gender.

70. In particular, Carrillo ridiculed Gantz for her decision to breastfeed.

71. Carrillo also allowed other employees at Restaurant to make comments about Gantz breastfeeding within earshot of customers, violating her right to privacy.

72. Bob Evans and Carrillo would not have made the same comments about breastfeeding if Gantz were a male.

73. Bob Evans and Carrillo violated Ohio Revised Code § 4112.02(A) by discriminating against Gantz due to her gender.

74. As a direct and proximate cause of Bob Evans and Carrillo's wrongful conduct, Gantz has suffered and will continue to suffer damages.

## COUNT IV: RETALIATORY DISCRIMINATION (STATE)

75. Gantz restates each and every prior paragraph of this complaint, as if it were fully restated herein.

76. As a result of the Defendant's discriminatory conduct described above, Gantz complained about the gender discrimination she was experiencing.

77. Subsequent to Gantz's reporting of gender discrimination to Bob Evans, Gantz was removed from the work schedule and terminated.

78. Defendant's actions were retaliatory in nature based on Gantz's opposition to the unlawful discriminatory conduct.

0E804 - G78 Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680

79. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

80. As a direct and proximate cause of Defendant's retaliatory discrimination against Gantz, she suffered and will continue to suffer damages.

## COUNT V: VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

81. Gantz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. The FLSA, as amended, requires that an employer allow a breastfeeding employee to take reasonable break time… to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express milk." Further, the employer must prove "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used to express breast milk." 29 U.S.C §2017(r).

83. The FLSA applies to Bob Evans and to Gantz's employment with Bob Evans.

84. Bob Evans, through its agents and/or employees, willfully violated the relevant portions of the FLSA in the following ways:

    a. Forcing Gantz to pump in a breakroom that lacked privacy; and
    b. Not providing Gantz reasonable break time needed to breastfeed her baby.

85. As a direct and proximate cause of Bob Evan's conduct, Gantz has suffered and will continue to suffer damages.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86. Gantz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

7

Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 8 of 10 PAGEID #: 33
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G79

87. Bob Evans or its agents intended to cause Gantz emotional distress, or knew that their acts or omissions would result in serious emotional distress to Gantz.

88. Bob Evan's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

89. As a direct and proximate cause of Bob Evans' acts and omissions as set forth above, Gantz has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

90. As a direct and proximate cause of Defendants' conduct and the resulting emotional distress, Gantz has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Gantz demands from Defendant the following:

(a) Issue a permanent injunction:

    (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 9 of 10 PAGEID #: 34
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G80

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Gantz to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Gantz for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Gantz claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

James J. Hux (0092992)
HUX LAW FIRM, LLC
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax: (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff Kira Gantz*

9

Case: 2:19-cv-04170-ALM-CMV Doc #: 2 Filed: 09/23/19 Page: 10 of 10 PAGEID #: 35
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 15 9:32 PM-19CV006680
0E804 - G81

## JURY DEMAND

Plaintiff Kira Gantz demands a trial by jury by the maximum number of jurors permitted.

_____
James J. Hux (0092992)