**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KIRA GANTZ, | : |
|     Plaintiff, | :   Case No. 2:19-cv-04170 |
| | : |
| v. | :   Chief Judge Algenon M. Marbley |
| | : |
| BOB EVANS RESTAURANTS, LLC, | :   Magistrate Judge Vascura |
| | : |
|     Defendant. | : |

**<u>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOB EVANS
RESTAURANTS, LLC</u>**

Defendant Bob Evans Restaurants, LLC ("Bob Evans" or "Defendant"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of Plaintiff Kira Gantz ("Plaintiff"), states as follows:

**<u>PARTIES & VENUE</u>**

1.  Upon information and belief, Defendant admits the allegation in Paragraph 1 of the Complaint.

2.  Defendant denies the allegation in Paragraph 2 of the Complaint.

3.  Defendant admits the allegation in Paragraph 3 of the Complaint.

4.  Defendant admits that the Court has personal jurisdiction over it, but denies any allegation or inference of wrongdoing in Paragraph 4 of the Complaint.

5.  Defendant admits that venue is proper in this Court, but denies any allegation or inference of wrongdoing in Paragraph 5 of the Complaint.

6.  Defendant admits that this Court has jurisdiction over the subject matter of Plaintiff's claims, but denies any allegation or inference of wrongdoing in Paragraph 6 of the Complaint.

**FACTS**

7. Defendant admits the allegation in Paragraph 7 of the Complaint.

8. Defendant admits the allegation in Paragraph 8 of the Complaint.

9. Defendant admits the allegation in Paragraph 9 of the Complaint.

10. Defendant denies the allegation in Paragraph 10 of the Complaint.

11. Defendant denies the allegation in Paragraph 11 of the Complaint.

12. Defendant denies the allegation in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that, at some point in her employment, Plaintiff expressed a desire to breastfeed her child. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegation in Paragraph 15 of the Complaint.

16. Defendant denies the allegation in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegation in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore, denies same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore, denies same.

23.  Defendant admits that General Manager Gerardo Carrillo began managing the Bob Evans Restaurant where Plaintiff was employed in or around February 2018.  Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

24.  Defendant denies the allegations in Paragraph 24 of the Complaint.

25.  Defendant denies the allegations in Paragraph 25 of the Complaint.

26.  Defendant denies the allegations in Paragraph 26 of the Complaint.

27.  Defendant denies the allegation in Paragraph 27 of the Complaint.

28.  Defendant denies the allegation in Paragraph 28 of the Complaint.

29.  Defendant denies the allegation in Paragraph 29 of the Complaint.

30.  Defendant denies the allegations in Paragraph 30 of the Complaint.

31.  Defendant denies the allegations in Paragraph 31 of the Complaint.

32.  Defendant denies the allegations in Paragraph 32 of the Complaint.

33.  Defendant denies the allegations in Paragraph 33 of the Complaint.

34.  Defendant denies the allegations in Paragraph 34 of the Complaint.

35.  Defendant denies the allegations in Paragraph 35 of the Complaint.

36.  Defendant denies the allegation in Paragraph 36 of the Complaint.

37.  Defendant denies the allegation in Paragraph 37 of the Complaint.

38.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore, denies same.

39.  Defendant denies the allegation in Paragraph 39 of the Complaint.

40.  Defendant denies the allegations in Paragraph 40 of the Complaint.

41.  Defendant denies the allegations in Paragraph 41 of the Complaint.

42.  Defendant denies the allegation in Paragraph 42 of the Complaint.

43.  Defendant admits the allegations in Paragraph 43 of the Complaint, but denies any allegation or inference of wrongdoing in Paragraph 43 of the Complaint.

44.  Defendant denies the allegation in Paragraph 44 of the Complaint.

45.  Defendant denies the allegation in Paragraph 45 of the Complaint.

46.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore, denies same.

47.  Defendant denies the allegation in Paragraph 47 of the Complaint.

48.  Defendant denies the allegations in Paragraph 48 of the Complaint.

49.  Defendant denies the allegation in Paragraph 49 of the Complaint.

50.  Defendant admits the allegations in Paragraph 50 of the Complaint, but denies any allegation or inference of wrongdoing

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

51.  In response to Paragraph 51 of the Complaint, Defendant restates its responses to Paragraphs 1 through 50 of the Complaint as if fully rewritten herein.

52.  Defendant admits the allegation in Paragraph 52.

53.  Defendant denies the allegations in Paragraph 53 of the Complaint.

54.  Defendant denies the allegations in Paragraph 54 of the Complaint.

55.  Defendant denies the allegations in Paragraph 55 of the Complaint.

56.  Defendant denies the allegations in Paragraph 56 of the Complaint.

57.  Defendant denies the allegations in Paragraph 57 of the Complaint.

58.  Defendant denies the allegations in Paragraph 58 of the Complaint.

59.  Defendant denies the allegations in Paragraph 59 of the Complaint.

## COUNT II: RETALIATION (FEDERAL)

60. In response to Paragraph 60 of the Complaint, Defendant restates its responses to Paragraphs 1 through 59 of the Complaint as if fully rewritten herein.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the language of Title VII speaks for itself.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

## COUNT III: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(A)

66. In response to Paragraph 66 of the Complaint, Defendant restates its responses to Paragraphs 1 through 65 of the Complaint as if fully rewritten herein.

67. Defendant admits the allegation in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 if the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

## COUNT IV: RETALIATION (STATE)

75. In response to Paragraph 75 of the Complaint, Defendant restates its responses to Paragraphs 1 through 74 of the Complaint as if fully rewritten herein.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the language of Ohio Revised Code Section 4112.02(I) speaks for itself.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

## COUNT V: VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

81. In response to Paragraph 81 of the Complaint, Defendant restates its responses to Paragraphs 1 through 80 of the Complaint as if fully rewritten herein.

82. Paragraph 82 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the language of the FLSA speaks for itself.

83. Paragraph 83 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that it is subject to the FLSA but denies any allegation or inference of wrongdoing in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86. In response to Paragraph 86 of the Complaint, Defendant restates its responses to Paragraphs 1 through 85 of the Complaint as if fully rewritten herein.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

## JURY DEMAND

91. Defendant admits that Plaintiff has demanded a jury trial, but denies that there are any triable issues of fact appropriate for a jury.

92. Defendant denies each and every allegation of the Complaint not specifically admitted herein.

## DEMAND FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the following:

(a) Injunctive relief of any sort, including but not limited to the injunctive relief sought in subparagraphs (a)(i)–(v);

(b) An order restoring Plaintiff to any position and/or expunging her personnel file of negative documentation;

(c) Economic, compensatory, or consequential damages;

(d) Punitive damages;

(e) Attorneys' fees or non-taxable costs;

(f) Taxable costs; or

(g) Any other damages or relief whatsoever.

## **AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION**

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

### **FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by her failure to exhaust administrative remedies.

### **THIRD DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

### **FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, estoppel, unjust enrichment, and/or unclean hands.

### **FIFTH DEFENSE**

Plaintiff has not sustained any damages proximately or actually caused by Defendant.

### **SIXTH DEFENSE**

Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do

not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

### EIGHTH DEFENSE

Plaintiff's claims are barred because all decisions and actions toward Plaintiff were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to Plaintiff's gender or alleged exercise of her rights under Ohio or federal law.

### NINTH DEFENSE

Defendant has acted in good faith in complying with all applicable provisions of the FLSA, because Defendant acted in full compliance and conformity with and in reliance upon the FLSA and applicable laws, regulations, orders, opinions and interpretations, as well as with the enforcement policies.  Defendant acted in good faith as a reasonably prudent entity would under the circumstances, with a belief of reasonable compliance, and is not subject to any liability for its alleged failure to pay wages required by the FLSA.

### TENTH DEFENSE

Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendant of discrimination or FLSA violations, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she did not suffer an adverse employment action or a tangible employment action.

### TWELFTH DEFENSE

Plaintiff's intentional infliction of emotional distress claim is barred because Defendant has not engaged in extreme or outrageous conduct.

### THIRTEENTH DEFENSE

Plaintiff's intentional infliction of emotional distress claim is barred as Plaintiff has not experienced either severe or serious emotional distress as a result of any conduct by Defendant.

### FOURTEENTH DEFENSE

Defendant asserts that there is no basis for an award of punitive damages against it. However, to the extent any such damages are awarded, they are subject to limitation pursuant to the provisions of the Ohio Tort Reform Act.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred because she was properly compensated for all hours worked pursuant to the FLSA.

### SIXTEENTH DEFENSE

To the extent Plaintiff is entitled to damages, Defendant is entitled to a credit for or set-off against amounts overpaid to Plaintiff during the course of her employment. Defendant is also entitled to a set-off with respect to any monies paid to Plaintiff for any hours when she was not actually performing work for Defendant.

### SEVENTEENTH DEFENSE

Defendant had, and has, no intention to violate any provision of the FLSA nor has it any knowledge of any FLSA violation. Therefore, Defendant did not and is not willfully violating the

FLSA. Thus, even if there were liability, which Defendant denies, an extended statute of limitations is not warranted.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert additional defenses that may become available to it in the course of this action.

**WHEREFORE**, Defendant prays for judgment as follows:

    A.  That Plaintiff take nothing by way of her Complaint;

    B.  That judgment be rendered in favor of Defendant and against Plaintiff, and that Plaintiff's Complaint be dismissed in its entirety and *with prejudice*;

    C.  That Defendant be awarded its costs and attorneys' fees incurred in the defense of this action; and

    D.  For other just relief as this Court deems proper.

Dated: September 25, 2019         Respectfully submitted,

                                          s/ *Jocelyn M. Hoffman*
                                          Jonathan R. Vaughn (0022897), Trial Attorney
                                          Jocelyn M. Hoffman (0092365)
                                          VORYS, SATER, SEYMOUR AND PEASE LLP
                                          52 East Gay Street
                                          P.O. Box 1008
                                          Columbus, OH 43216-1008
                                          Telephone: (614) 464-5672
                                          Facsimile: (614) 719-5010
                                          Email: jrvaughn@vorys.com
                                                      jmhoffman@vorys.com

                                          *Counsel for Defendant Bob Evans Restaurants, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2019, a true and accurate copy of the foregoing was filed electronically and served via the Court's ECF system on all parties.

/s/ *Jocelyn M. Hoffman*
Jocelyn M. Hoffman (0092365)

*Counsel for Defendant Bob Evans Restaurants, LLC*
