UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIRA GANTZ,

        Plaintiff,

  v.                                        Civil Action 2:19-cv-4170
                                              Chief Judge Algenon L. Marbley
                                              Magistrate Judge Chelsey M. Vascura

BOB EVANS RESTAURANTS, LLC,

        Defendants.

## REPORT AND RECOMMENDATION

      This matter is before the undersigned for a Report and Recommendation on the Court's July 2, 2020 Order directing Plaintiff to file a Motion for Substitution within 90 days of Plaintiff's June 30, 2020 Motion.  (ECF No. 9.)  The Court construed Plaintiff's June 30, 2020 Motion as a Statement Noting Death.  (*Id.*)  Plaintiff was warned that if she did not file a Motion for Substitution, the Court would have to dismiss the action pursuant to Federal Rule of Civil Procedure 25(a)(1).  (*Id.*)  To date, Plaintiff has not filed a Motion for Substitution.

      Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25

      Under Rule 25(a)(1), "a court is required to dismiss an action by a decedent if a motion for substitution is not made 'within 90 days after service of a statement noting the death.'"

*Santa-Perez v. CNBC Universal Media, LLC,* No. 1:18-CV-428, 2019 WL 1434085, at *2, n.2 (S.D. Ohio Mar. 31, 2019) (quoting Fed. R. Civ. P. 25); *see also Nutt v. Seta*, No. 1:19-CV-460, 2020 WL 2468739, at *1 (S.D. Ohio May 13, 2020) (dismissing a case because the plaintiff failed to make a timely substitution after the plaintiff's death).

Here, Plaintiff's counsel gave notice of Plaintiff's death on June 30, 2020.  (ECF No. 8.)  Thus, as the Court instructed in its July 2, 2020 Order, Plaintiff had 90 days from June 30, 2020, to make a substitution.  (ECF No. 9.)  The ninety days expired on September 28, 2020.  To date, Plaintiff has not made the requisite substitution.  Moreover, in the parties' Joint Status Report and Motion to Stay, Plaintiff agreed that the case should be dismissed if she did not file a Motion for Substitution by September 28, 2020.  (ECF No. 10.)  Accordingly, the Court must dismiss this case.

For the reasons stated above, the undersigned **RECOMMENDS** that the Court **DISMISS** this case pursuant to Federal Rule of Civil Procedure 25(a)(1).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE