**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Kira Gantz,** : | |
| : | Case No. 2:19-cv-4170 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Chelsea M. Vascura |
| **Bob Evans Restaurants, LLC,** : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on Magistrate Judge Vascura's September 30, 2020 Report and Recommendation. (ECF No. 13). Judge Vascura recommended that this case be dismissed on the grounds that Plaintiff's estate did not file a Motion for Substitution in accordance with the Magistrate's July 7, 2020 direction. (*Id.*). For the following reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED**.

### II. BACKGROUND

Plaintiff Kira Gantz sued her former employer, Bob Evans, alleging gender discrimination, retaliation, Fair Labor Standards Act ("FLSA") violations, and intentional infliction of emotional distress. (ECF No. 2 at 4–8). Ms. Gantz began working as a server for the Defendant in December 2016 at the restaurant 3800 S. High Street, Columbus, Ohio 43207 location ("Restaurant"). (*Id.* at 2). In June 2017, Ms. Gantz went on maternity leave and returned to work in August or September 2017 after her maternity leave concluded. (*Id.*).

1

Upon return to work, Ms. Gantz "communicated her desire to breastfeed her newborn baby when she returned from maternity leave." (*Id.*). This required her to pump breastmilk while at work. (*Id.*). After this request, Ms. Gantz alleges that Defendant told her to pump in the breakroom which "had a glass windowpane," and that "coworkers could see Gantz pumping." (*Id.*). She also claims that the Defendant's breakroom door could only be locked with a key, and that the Defendant had not provided her a key. (*Id.*). Further, Ms. Gantz alleges that when a new general manager, Gerardo Carrillo, began managing the Restaurant, he repeatedly questioned her choice to breastfeed. (*Id.*). Ms. Gantz also claims Mr. Carrillo refused her request to bring her baby into work to breastfeed. (*Id.* at 3). Ms. Gantz further claims two day-shift managers, Rebecca Morris and Daja Smith, made comments about Plaintiff's decision to breastfeed, which were allegedly made in the presence of customers. (*Id.*).

Ms. Gantz then called Defendant's corporate offices to complain of the alleged gender and pregnancy discrimination. (*Id.*). Despite repeated calls, Ms. Gantz claims Bob Evans never responded or informed her an investigation had commenced. (*Id.*). Ms. Gantz alleges that soon after she called Defendant's corporate offices, she was removed from the schedule. (*Id.*). Mr. Carrillo allegedly told Ms. Gantz that the Restaurant did not need her help. (*Id.*). Then, Ms. Gantz claimed a co-worker informed her that she had been scheduled for May 13, 2018, Mother's Day. (*Id.* at 4). When Ms. Gantz arrived, "Carrillo informed Gantz that she was not on the schedule but was permitted to work anyway." (*Id.*). Ms. Gantz claims that May 13, 2018 was the last day she was scheduled to work at the Restaurant. (*Id.*).

On May 21, 2018, Ms. Gantz filed EEOC Charge No.: 532-2018-01812, alleging discrimination on the basis of sex, pregnancy, and retaliation. (*Id.*). On June 6, 2018, Ms. Gantz called Restaurant to see if she was scheduled to work. (*Id.*). Mr. Carrillo allegedly told Ms. Gantz

2

that she was terminated. (*Id.*). Ms. Gantz claims she "went to Restaurant to see if there were any termination papers for her," but "Carrillo refused to give Gantz any termination papers." (*Id.*). Ms. Gantz alleges "Carrillo also alluded that the reason for termination was Gantz's attorney getting ahold or corporate" and that "Carrillo was referring to the EEOC Charge when he made the statement about Gantz's attorney getting ahead of corporate." (*Id.*). Then, on or about June 15, 2018, Ms. Gantz filed a second charge, EEOC Charge No.: 532-2018-01998, alleging retaliation for filing her first EEOC Charge. (*Id.*). Ms. Gantz then filed suit in the Franklin County Court of Common Please against the Defendant for gender discrimination retaliation, FLSA violations, and intentional infliction of emotional distress. (*Id.* 4–8). The case was subsequently removed to this Court. (ECF No. 13).

On June 30, 2020, Plaintiff's counsel filed a document, which this Court construed as a Motion as a Statement Noting Death. (*Id.* at 1). Then, on July 2, 2020 Magistrate Judge Vascura Ordered Plaintiff's estate or someone on her behalf file a Motion for Substitution within 90 days. (*Id.*). To date, no such motion has been filed. (*Id.*).

On September 30, 2020, Magistrate Judge Vascura issued her Report and Recommendation that this case be dismissed because no substitution within the proscribed 90-day period has been made. (*Id.* at 2). No objections, timely or otherwise, have been to the Magistrate's Report and Recommendation. (*Id.*).

### III. STANDARD OF REVIEW

A party's specific objections to a magistrate's report and recommendation are reviewed *de novo* by the district court. 28 U.S.C.S. § 636(b)(1)(C); *see Thomas v. Arn*, 474 U.S. 140, 152–53 (1985). When a party fails to raise any timely objections, she waives any further review of her

3

claims. *Thomas*, 474 U.S. at 152–53; *McCall v. Ohio*, No. 2:18-cv-1261, 2019 WL 188039 at *1 (S.D. Ohio Jan. 14, 2019).

### IV. LAW & ANALYSIS

After Plaintiff Gantz passed away, no one from her estate filed a Motion for Substitution on her behalf in accordance with Magistrate Vascura July 2, 2020's Order, nor did anyone object to Judge Vascura's September 30, 2020 Report and Recommendation that the case be dismissed. Because no Motion for Substitution was ever filed in accordance with Fed. R. Civ. P. 25(a)(1), this Court **ADOPTS** Magistrate Judge Vascura's Report and Recommendation **DISMISSING** the case.

> Under Fed. R. Civ. P. 25(a)(1),
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Thus, when a plaintiff dies, she is no longer a party to the case, but her claim is not necessarily extinguished. Fed. R. Civ. P. 25(a)(1); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. July 7, 2000). A substitute plaintiff must be provided. Fed. R. Civ. P. 25(a)(1). The substitute must be made "by any party or by the successors or representatives of the deceased party." Fed. R. Civ. P. 25(a)(1); *Kasting*, 196 F.R.D. at 598.

Once a suggestion of death has been served upon the parties, the 90-day limitation period begins. *Id.* at 601. The court may enlarge the 90-day period upon request prior to the expiration of the period, but no such requests were made here by any party or by the successors or representatives of the deceased Plaintiff. *Id.* Where no requests within the period are made, the court may order substitution if the movant demonstrates excusable neglect, but no such showings have been made here. *Id.*; Fed. R. Civ. P. 6(b)(2). Thus, because no other plaintiffs, successors, or

4

representatives of the deceased who have moved to substitute themselves for Ms. Gantz within the 90-day time period allotted by the Court, and no objections have been raised to the Magistrate's recommendation dismissing the case, the matter must be **DISMISSED**.

## V. CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation and noting no objections have been filed, the Court concurs with the analysis. For these reasons, this Court **ADOPTS** Magistrate Judge Vascura's September 30, 2020 Report and Recommendation. This matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 14, 2020**